# United States District Court

**WESTERN DISTRICT OF MICHIGAN**

**UNITED STATES OF AMERICA**
v.
**JAMES MARSHALL WEST**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-mj-20

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was released from prison on August 3, 2008, after completing a 5 year sentence for drugs. (While in prison, the defendant had a somewhat mixed record. He obtained his GED but failed to complete drug counseling. He was sanctioned for refusing to obey an order and being insolent in July 2004, possession of an unauthorized item in July 2004, possession of drugs in December 2004, use of drugs in May 2005, assaulting without serious injury in December 2005, and possession of an unauthorized item in February 2006. A year later, in February 2007, defendant was assigned to a Special Housing Unit due to his assaultive and violent behavior, although no incidents (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the community based upon the defendant's record of misbehavior before, during, and following his prison term. Defendant has repeatedly exercised poor judgment, even when he has had positive opportunities (for example, quitting the 500 hour drug program in prison, failing to continue to reside with his sister upon his release when he had the opportunity, and repeated poor choices (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 14, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **JAMES MARSHALL WEST**
1:09-mj-20
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

were reported during the intervening year. However, the following month, on March 15, 2007, defendant allegedly stabbed another prisoner with a homemade shank. Notwithstanding all of this, he received a good conduct release from prison in August 2008.) His behavior while on supervised release since that time has been abysmal.

In October 2008, the Lansing police seized 93 ecstacy tablets from his bedroom. He was subsequently charged with retail fraud in the 56th District Court, the 65-A District Court, and the 54-B District Court. (This court elected to take no action on these allegations until the cases were disposed of.)

On February 23, 2009, defendant tested positive for THC metabolite (this court again elected to take no action to allow defendant to participate in relapse substance abuse counseling and watch a TV series called Intervention). Defendant failed to contact this drug program.

On March 27, 2009, defendant again tested positive for THC metabolite. He was again directed to contact relapse counseling.

On April 1, 2009, defendant tested positive for cocaine, and has admitted this use.

On April 2, 2009, defendant was arrested by the FBI on a two-count federal Indictment out of the District of Kansas arising out of a prison stabbing while defendant was a prisoner in Leavenworth.

Defendant's sister, who has her master's degree in social work, testified that the defendant grew up in an horrific environment (she was apparently pulled out of the home as a child), and she offered to let the defendant live with her.

**Part II - Written Statement of Reasons for Detention** - (continued)

concerning his behavior following release from prison). Defendant's inability to conform his behavior to societal norms may be due in part to his substance abuse problem, but that fact would make him no less a danger to continue committing offenses and using drugs as things presently stand. If defendant does not have a drug problem, then he is simply flouting the law for whatever benefit it brings him. If the matter was entirely in the hands of his sister, defendant would be a different person. But as she candidly admitted, she was not aware of much of his misbehavior and in any event she cannot live his life for him, or force him to make better decisions, even though she would want to do all she could for him. She will be a tremendous asset for him at such time as he demonstrates he is able of his own volition to turn his life around and make better choices. Unfortunately, he is far from that point at the present.